

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00220-CR

---

ALLEN LEE BELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 21-3714, Honorable Reed A. Filley, Presiding

---

May 22, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Allen Lee Bell, was charged with failure to appear, a third-degree felony.[1]  Pursuant to a plea bargain, Appellant pleaded guilty to the charge on October 5, 2021.  The trial court deferred adjudication of Appellant's guilt and placed him on community supervision for a term of three years.  Appellant was also assessed court costs of $290 and court-appointed attorney's fees of $600 and ordered to complete 200 hours

---

[1] Tex. Penal Code Ann. § 38.10(a), (f).

of community service. In February of 2022, the State filed a motion to adjudicate the guilt of Appellant. In its motion, the State alleged that Appellant had violated several conditions of his community supervision, including that Appellant had been charged with failing to register as a sex offender, failed to pay court-ordered fees and costs, and failed to work community supervision hours. At a hearing on the State's motion, Appellant appeared with counsel and entered a plea of not true to the State's allegations. After hearing testimony from four witnesses, the trial court found Appellant guilty of the underlying offense of failure to appear and sentenced Appellant to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm the judgment and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has filed a response, which we have considered. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

We affirm the trial court's judgment and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a).

> Judy C. Parker
> Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.